IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-12-1366-R |
| ONE 2003 MERCEDES CL 55 VIN # WDBPJ74J13A033111, et al., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. Doc. No. 18. This is an action for civil forfeiture of two vehicles allegedly purchased with proceeds earned through illegal drug activity. Compl. ¶¶ 1, 6. The only individual who has asserted a claim over the vehicles has not objected to the motion. After reviewing the evidence provided in support of its motion, the Court grants summary judgment for Plaintiff.

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the motion for summary judgment is uncontested, the moving party still "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party fails to meet this burden of production, summary judgment must be denied. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* at 1195. Summary judgment is appropriate if, after accepting "as true all material facts asserted and properly supported in the summary judgment motion…. those facts entitle the moving party to judgment as a matter of law." *Id.*

## **Analysis**

All proceeds traceable to an exchange for a controlled substance in violation of the Controlled Substances Act are subject to forfeiture to the United States and no property right exists in such proceeds. 21 U.S.C. § 881(a)(6) (West). This includes property purchased with proceeds of illegal drug transactions. *See United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1220 (10th Cir. 1986). The government need not tie a vehicle to a specific drug transaction if the vehicle was purchased with cash during a time when a claimant has failed to demonstrate legitimate alternative sources of income large enough to account for the purchase. *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 878 (10th Cir. 1992). "[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1) (West).

An "innocent" owner's interest in property is not, however, subject to civil forfeiture. 18 U.S.C. § 983(d)(1) (West). For an interest acquired after the conduct giving rise to forfeiture, an "innocent owner" is one who, "at the time that person acquired the interest in the property (i) was a bona fide purchaser or seller for value … and (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture." *Id.* § 983(d)(3)(A). An "innocent owner" does not include "a nominee who exercises no dominion or control over the property." *United States v. 1997 Int'l 9000 Semi Truck VIN: 1HSRUAER8VH09632*, 412 F. App'x 118, 122-23 (10th Cir. 2011) (unpublished) (quoting § 983(d)(6)(B)(iii)) (footnote omitted). This is because "people engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name." *Id.* (quoting *United States v. One 1990 Beechcraft*, 619 F.3d 1275, 1278-79 (11th Cir. 2010)). The claimant has the burden of establishing by a preponderance of the evidence that s/he is an innocent owner. § 983(d)(3)(A).

Claimant Iraac Juan Zamarripa ("Claimant") attests that he is the registered owner of the two vehicles at issue in this case, the 2003 Mercedes CL55 ("Mercedes") and the 2007 GMC Yukon Denali ("Yukon"), and denies that these vehicles are subject to forfeiture. Answer 2. Claimant is the brother of Iran Carrillo-Zamarripa, the defendant in *United States v. Iran Juan Carrillo-Zamarripa*, Case No. 12-CR-231-R, United States District Court for the Western District of Oklahoma. Doc. No. 16, at 1; Compl., Ex. 1, ¶ 5. After Iran Zamarripa was arrested in August 2012, he admitted purchasing six or seven cars with proceeds from illegal drug sales, including the Mercedes and Yukon, and admitted purchasing vehicles for his brother with money earned through his illegal drug

business. Compl., Ex. 2, ¶ 6. He also admitted that at the time he purchased these vehicles, he had no other means of income. *Id.* The government contends that the Mercedes and Yukon were previously registered in the name of Iran Zamarripa, but are currently registered in the name of his brother, Iraac. Doc. No. 18, ¶¶ 13-14. It contends that Iran transferred ownership of the vehicles in an attempt to hide the vehicles from the government. Compl., Ex. 2, ¶ 5. Although registered to Claimant, both vehicles were found at Iran's residence when they were seized. *Id.* In his verified answer, Claimant denies that the Yukon was previously registered to his brother, and denies that his brother purchased the Yukon. Answer 2. He also denies that he purchased the vehicles with proceeds of unlawful activity, and denies that "'Agents believe' that the property was placed in Claimant's name in an attempt to hide the assets." *Id.* at 1-2.

Claimant's contentions are insufficient to create a genuine issue of material fact. Plaintiff has produced an affidavit by a Task Force Officer for the Drug Enforcement Administration in which the officer attests that Iran Zamarripa told agents that he purchased the Mercedes and Yukon with drug proceeds during a time when he had no alternative source of income. And Claimant has not produced evidence to satisfy the two elements of the innocent owner defense, that he was a bona fide purchaser for value and did not know and was reasonably without cause to believe that the property was subject to forfeiture. Claimant states in his verified answer that his brother did not purchase the Yukon, and this vehicle was not previously registered to his brother. Answer 2. But this is insufficient to create a genuine issue of material fact. *See Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 834 (10th Cir. 1986) ("Conclusory allegations, general

denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment." (citations omitted)).

## Conclusion

In accordance with the foregoing, Plaintiff's Motion for Summary Judgment [Doc. No. 18] is GRANTED.

IT IS SO ORDERED this 18th day of February, 2015.

_____
DAVID L. RUSSELL
**UNITED STATES DISTRICT JUDGE**